UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EMILY RICE and CHARLYNDA SNODGRASS, ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | Case No. 4:16-CV-452 (CEJ) |
| PROGRESSIVE PREFERRED INSURANCE COMPANY, ) ) ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion to remand the action to the Circuit Court for St. Louis City from which it was removed. Defendant has filed a response in opposition.

**I.    Background**

At all relevant times, plaintiffs were insured under policies of automobile insurance issued by defendant Progressive Preferred Insurance Company (Progressive).  Plaintiff Emily Rice was involved in a motor vehicle accident with an underinsured motorist on November 15, 2013, and sustained multiple physical injuries.  Plaintiff Charlynda Snodgrass sustained multiple physical injuries resulting from a motor vehicle accident with an underinsured motorist that occurred on October 27, 2012.  On March 11, 2016, plaintiffs filed this action in state court for failure to pay underinsured motorist benefits and for statutory damages under Mo.Rev.Stat. § 375.420 for vexatious refusal to pay.  Defendant removed the action to this Court on the basis of diversity of citizenship jurisdiction. Plaintiffs are

citizens of Missouri, and defendant is incorporated and has its principal place of business in Ohio. Plaintiffs argue that the case should be remanded because there is no diversity of citizenship under 28 U.S.C. § 1332(c)(1).

## II.    Legal Standard

"The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction." Peters v. Union Pacific R. Co., 80 F.3d 257, 260 (8th Cir. 1996) (citing 28 U.S.C. § 1441(b)). "A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re* Prempro Products Liability Litigation, 591 F.3d 613, 619 (8th Cir. 2010) (citing Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005)). The removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy College, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re* Prempro, 591 F.3d at 620 (citing Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007)).

## III.    Discussion

Removal in this case was premised on diversity of citizenship jurisdiction, which requires an amount in controversy greater than $75,000, exclusive of interest and costs, and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007).  Plaintiffs do not dispute that the amount in controversy is satisfied. Instead, they argue that their

claims are "direct actions" under 28 U.S.C. § 1332(c) and that defendant is therefore considered to be a citizen of Missouri.

Section 1332(c)(1) provides: "[i]n any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party defendant, such insurer shall be deemed a citizen of . . . every State . . . of which the insured is a citizen." "Direct action," as used in this statute, is a term of art. Dasta v. Response Worldwide Ins. Co., No. 10-6014-CV-SJ-ODS, 2010 WL 2902734, at *1 (W.D. Mo. July 20, 2010). The term "direct action" in § 1332(c)(1) refers to actions authorized by statutes in some states, in which an injured party can sue a tortfeasor's insurer without joining the tortfeasor. See Home Indemn. Co. v. Moore, 499 F.2d 1202, 1205 (8th Cir. 1974).

This case is not a "direct action" under § 1332(c)(1) because plaintiffs are suing their own insurers, not the insurers of the third-party tortfeasors, i.e,. the underinsured motorists. See Antonacci v. State Farm Mut. Auto. Ins. Co., No. 4:05-CV-2173 CAS, 2006 WL 568344, at *1 (E.D. Mo. Mar. 7, 2006). Further, plaintiffs' claims for vexatious refusal do not render this a direct action. See Mazurkiewicz v. Country Mut. Ins. Co., No. 4:11CV2089 RWS, 2012 WL 10833, at *1 (E.D. Mo. Jan. 3, 2012) (action for underinsured motorist coverage and vexatious refusal not direct action under § 1332(c)(1)); Dasta v. Response Worldwide Ins. Co., No. 10-6014-CV-SJ-ODS, 2010 WL 2902734, at *1 (W.D. Mo. July 20, 2010) (claim for vexatious refusal to pay not direct action); Brown–Woods v. Safeco Ins. Co. of Ill., 2010 WL 2671494, at *2 (E.D. Mo. Jun. 30, 2010) (same). Defendant is not deemed to be a citizen of Missouri under §1332(c) and there is complete diversity of citizenship.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand [Doc. # 13] is **denied.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 9th day of May, 2016.